IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDELL L. McDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-09-710-C |
| ) | |
| STATE OF OKLAHOMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Invoking 42 U.S.C. § 1983, the federal constitution, and the Oklahoma constitution, Mr. Randell McDonald has sued the State of Oklahoma for monetary and injunctive relief. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 1, 5 (July 9, 2009). The Court should *sua sponte* dismiss the claims against the State of Oklahoma based on the Eleventh Amendment.

### *Sua Sponte* Consideration of the Eleventh Amendment

The Eleventh Amendment involves the Court's subject matter jurisdiction. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court" (citation omitted)). Thus, the Court should *sua sponte* consider whether the State of Oklahoma enjoys immunity under the Eleventh Amendment.[1]

---

[1] *See Nelson v. Geringer*, 295 F.3d 1082, 1098 n.16 (10th Cir. 2002) (stating that the "traditional practice" in the Tenth Circuit Court of Appeals is to consider issues of state immunity *sua sponte* (citation omitted)); *see also Wisconsin Department of Corrections v. Schacht*, 524 U.S.

Application of the Eleventh Amendment

Under the Eleventh Amendment, a state cannot be sued in federal court,[2] regardless of whether the claims arise under federal law or state law.[3]  The applicability of the Eleventh Amendment is not affected by the type of remedy being requested.  *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145-46 (1993).

The State of Oklahoma has not waived its immunity.  *See* Okla. Stat. tit. 51 § 152.1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution").  And Congress did not abrogate Oklahoma's Eleventh Amendment immunity through the enactment of Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Consequently, the Court should order dismissal of all claims against the State of Oklahoma.

Notice of the Right to Object

Mr. McDonald can object to the present report and recommendation.  Any such objection must be filed with the Clerk of this Court by October 13, 2009.  *See* W.D. Okla. Local Civil Rule 72.1.  The failure to timely object would foreclose appellate review of the suggested ruling.[4]

---

381, 389 (1998) (holding that the court can *sua sponte* consider Eleventh Amendment immunity).

[2]   *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).

[3]   *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120-21 (1984).

[4]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

<u>Status of the Referral</u>

The referral is not terminated.

Entered this 18th day of September, 2009.

_____
Robert E. Bacharach
United States Magistrate Judge